## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **ROBERT TERRY,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-17-** 1169-W |
| | | ) | |
| 1. | **WAL-MART ASSOCIATES, INC.,** | ) | **ATTORNEY LIEN CLAIMED** |
| | **and** | ) | **JURY TRIAL DEMANDED** |
| 2. | **WAL-MART STORES, INC.,** | ) | |
| | | ) | |
| | **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Robert Terry, and for his Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.     Plaintiff, Robert Terry, is an adult male who resides in Lincoln County, Oklahoma.

2.     Defendants are:

a.     Wal-Mart Associates, Inc., an entity doing business in and around Pottawatomie County, Oklahoma; and

b.     Wal-Mart Stores, Inc., an entity doing business in and around Pottawatomie County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with

1

Defendants and is based on claims of: (a) age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); and (b) disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA").

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5.      All of the actions complained of herein occurred in Pottawatomie County, Oklahoma.  Defendants are doing business in said county and regularly conduct business within the geographical area encompassed by the United States District Court for the Western District of Oklahoma.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.      Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff filed a Charge on or about April 25, 2017.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated October 24, 2017 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7.      Plaintiff was born in 1947, making him over the age of forty (40) at all relevant times hereto.

8.      Plaintiff began his employment with Defendants on or about April 10, 2008, as an Assembler.

9.      Plaintiff was hired by then-Store Manager Greg Bell.  Plaintiff held the position of Assembler throughout his employment (i.e., from on or about April 10, 2008, until his wrongful termination on or about February 16, 2017).

10.     Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA"), in that, he is disabled, has a record of disability and/or was perceived as disabled.

11.     Particularly, Plaintiff suffers from a forty percent (40%) hearing loss and essential tremors.

12.     His impairments substantially limit his ability to perform one or more major life activities, including, but not limited to, his ability to *inter alia* hear and perform manual and physical activities.  His conditions also impact his internal bodily processes, including, but not limited to his auditory, muscular and neurological systems.  At all relevant times, however, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

13.      In fact, throughout his lengthy tenure (nearly 9 years), Plaintiff was regularly recognized as a satisfactory, or better, employee.  He consistently received positive performance evaluations, as well as merit pay increases.

14.      Despite his good work performance, in or around late-December 2016, about one (1) month after Plaintiff began reporting to new-Assistant Store Manager Jamie Seaton, Seaton (who is in her 30s) drastically cut Plaintiff's work hours – from approximately forty

3

(40) hours per week to between eight (8) and sixteen (16) hours per week.

15.     To Plaintiff's understanding, the work hours were given instead to a significantly younger, non-disabled employee, Rusty (Last Name Unknown), who is in his 20s or 30s.

16.     Plaintiff asked Seaton why she cut his hours, to which Seaton responded that there were only enough hours for one Assembler.  However, this failed to explain why Rusty, rather than Plaintiff, was being given additional work hours, particularly considering Rusty had only been employed with Defendants for approximately six (6) months.

17.     In light of this, Plaintiff complained to Store Manager Nick (Last Name Unknown), who is in 30s or 40s, about Rusty (who is significantly younger and non-disabled) being given work hours instead of Plaintiff.

18.     Plaintiff asked Nick, "are you trying to get rid of me," to which Nick responded, "no."  Yet, Plaintiff continued to be scheduled for only a few hours per week.

19.     Then, on or about February 16, 2017, Plaintiff was terminated.

20.     Seaton claimed the reason Plaintiff was being fired was because Plaintiff allegedly took too long to put together a customer dining room set; allegedly assembled a patio furniture item incorrectly; and allegedly refused to complete a task (hanging shelves) that management asked him to do.  However, the claimed reasons for Plaintiff's discharge are pretext.

21.     Plaintiff did not engage in the conduct of which he was accused.  Moreover,

4

there are no specific time requirements by which furniture items must be assembled.  It appears Defendants violated their written policy on discipline. And, other employees, including Rusty, have mis-assembled items, as Plaintiff was accused, without repercussion.

22.  Upon information and belief, a significantly younger, non-disabled individual replaced Plaintiff.

23.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described below.

## COUNT I:  ADEA

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

24.  The matters alleged above constitute violations of the ADEA in the form of age discrimination and retaliation.

25.  Plaintiff is entitled to relief under the ADEA because, at all relevant times to this action, Plaintiff was over the age of forty (40); he was qualified for his job; he was terminated and his position was not eliminated.

26.  Plaintiff is also entitled to relief for retaliation because Plaintiff engaged in protected opposition to age discrimination; he suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

27.  As damages, Plaintiff has suffered lost earnings, past and future, and other

equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendants' willful conduct in violating the ADEA.

## COUNT II: ADA/ADAAA

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28.     The matters alleged above constitute discrimination and retaliation based on a disability, a record of a disability and/or perceived disability in violation of the ADA and ADAAA.

29.     More specifically, Plaintiff was a qualified individual with a disability, in that, he suffers from physical impairment (i.e., a hearing impairment and essential tremors) which substantially limits his ability to perform one or more major life activities as set forth above. Further, Plaintiff's disability impacts one or more of his internal bodily processes, as shown herein.

30.     Plaintiff was regarded as disabled by Defendants because he had an actual or perceived impairment; that impairment was neither transitory nor minor; and Defendants were aware of and perceived the impairments at the time of Plaintiff's termination.

31.     Despite said impairments, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations at all relevant times hereto.

32.     Plaintiff was terminated under circumstances giving rise to an inference of

discrimination.

33.     Plaintiff is further entitled to relief because he engaged in protected opposition to disability discrimination; he suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

34.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

35.     Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendants and assess actual, compensatory, liquidated and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 31st DAY OF OCTOBER, 2017.**

s/ Shannon C. Haupt
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800      (telephone)
(405) 239-3801      (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED